UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES FISHER, | ) | |
| Petitioner, | ) | 3:12-cv-00365-RCJ-VPC |
| vs. | ) | **ORDER** |
| ROBERT LEGRAND, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the court is respondents' motion to dismiss, which was filed on November 19, 2012 (ECF #11). Petitioner's opposition originally was due on December 4, 2012 (*see* ECF #12). Petitioner timely filed a motion for extension of time to file his opposition (ECF #14), which the court granted (ECF #16). After petitioner had had almost seven months to file his opposition, he filed a second motion for extension of time, in which he sought a 90 to 120-day extension to file his opposition (ECF #17). On June 17, 2013, the court granted petitioner a second extension, but directed him to file his opposition within thirty (30) days of that date. That order was served on petitioner at his address of record.

More than the allotted time has passed, and petitioner has not filed his opposition nor responded to the court's order in any manner. Pursuant to the provisions of Local Rule 7-2, petitioner's failure to respond to the motion is a concession on his part that the arguments are valid. Moreover, as

discussed below, the petition must be dismissed as untimely.

**I. Procedural History**

Following a jury trial, on May 4, 2001, petitioner was convicted of counts 1-4: sexual assault with a minor under sixteen years of age and count 5: lewdness with a child under the age of 14 (exhibits to motion to dismiss, ECF #11, ex. 17).[1]  He was sentenced as follows: counts 1, 2, 3: concurrent terms of life with the possibility of parole after 20 years; count 4: life with the possibility of parole after 5 years consecutive to count 3; and count 5: a concurrent term of 24 to 62 months (ex. 18). The judgment of conviction was entered on July 13, 2001 (*id*.).

Petitioner filed a direct appeal, and on April 9, 2003, the Nevada Supreme Court affirmed his convictions (ex. 23).  Remittitur issued on May 6, 2003 (ex. 24).

On February 12, 2008, petitioner filed a motion for withdrawal of attorney and transfer of record (ex. 25).  On February 13, 2008, the Clark County Public Defender also filed a motion to withdraw as counsel of record (ex. 26).  On March 6, 2008, the state district court filed an order granting the motion to withdraw and transfer of record (ex. 27).

On September 21, 2011, petitioner filed a motion for credit against sentence and amended judgment of conviction and a motion for appointment of counsel (ex. 28).  The state district court denied the motion on October 3, 2011 and filed the written order on October 11, 2011 (ex. 31).  On May 9, 2012, the Nevada Supreme Court affirmed the denial of the motion, determining that the claim for additional sentence credits was untimely and procedurally barred (ex. 33).  Remittitur issued on June 12, 2012 (ex. 34).

Petitioner signed his federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 under penalty of perjury on June 26, 2012 (ECF #6).  His petition does not reflect the date on which he handed it to a correctional officer for mailing.  Petitioner sets forth 14 grounds for relief that

---

[1] All exhibits referenced in this order are exhibits to respondents motion to dismiss (ECF #11) and may be found as attachments to that motion at ECF #11.

include alleged claims of ineffective assistance of counsel, due process, equal protection, confrontation and double jeopardy violations, and "jurisdictional claims" (*id*.).

Respondents have filed a motion to dismiss the petition as untimely (ECF #11).

## II. Federal Habeas Petition is Untimely

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

3

1    The United States Supreme Court has held that a habeas petitioner's state postconviction
2 petition, which was rejected by the state court as untimely under the statute of limitations, is not
3 "properly filed," within the meaning of the statutory tolling provision of the AEDPA limitations period.
4 *Pace v. DiGuglielmo,* 544 U.S. 408, 412-16 (2005).  The Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, as discussed, petitioner was convicted and the judgment of conviction was entered on July 13, 2001 (ex. 18).  He filed a direct appeal, and the Nevada Supreme Court upheld his convictions on April 9, 2003 (ex. 23).  Remittitur issued on May 6, 2003 (ex. 24).  The Ninth Circuit Court of Appeals has held that the AEDPA one-year statute of limitations begins to run after the 90-day period for certiorari to the United States Supreme Court expires.  *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).  Thus, petitioner's conviction became final on July 8, 2003, and the one-year statute of limitations began to run.

At that point, petitioner took no action whatsoever until he filed a motion for withdrawal of attorney on February 12, 2008 (ex. 25).  As petitioner had no properly filed application for state postconviction or other collateral review pending during the period of time from the date his conviction became final and the time, almost five years later, that he filed his motion for withdrawal of attorney, this time is not statutorily tolled on that basis.  *See* 28 U.S.C. § 2244(d)(2).[2]  The AEDPA statute of limitations had expired before petitioner filed his motion for withdrawal of attorney on February 12,

---

[2] The court need not consider here whether such a motion, if it were filed before the AEDPA statute of limitations had expired, would constitute a properly filed motion for collateral review that would toll the AEDPA statute of limitations.

4

2008. Accordingly, petitioner's federal habeas petition, which the court will consider here to have been filed on June 26, 2012, is untimely pursuant to 28 U.S.C. § 2244(d).

### III. Petitioner is Not Entitled to Equitable Tolling

The United States Supreme Court has held that the AEDPA's statute of limitations, at 28 U.S.C. "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Accordingly, the court concludes that petitioner's federal petition is untimely. Petitioner failed to oppose this motion, which, under the local rules constitutes a concession on his part that the arguments in the motion to dismiss are valid, and he has failed to demonstrate any basis for equitable tolling or to excuse the statute of limitations. Because the federal habeas petition was untimely filed, and because petitioner is not entitled to statutory or equitable tolling, this action must be dismissed.

### IV. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

"The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of appealability.

**V. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss this federal petition for a writ of habeas corpus as untimely (ECF #11) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

Dated this 21st day of August, 2013.

_____
UNITED STATES DISTRICT JUDGE